UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON JONES,

   Plaintiff,

  v.               CAUSE NO. 3:19-CV-778 DRL-MGG

WEXFORD MEDICAL SERVICES *et al.*,

   Defendants.

## OPINION AND ORDER

  Jason Jones, a prisoner without a lawyer, filed a motion for preliminary injunction. Although Mr. Jones did not file a complaint, the court will construe the allegations contained within the motion as constituting one, and the clerk will be directed to separately docket a copy of the motion (ECF 2) as a complaint. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

  Mr. Jones, currently housed at the Westville Correctional Facility, alleges that he suffers from Avascular Necrosisdx—a condition that he says causes the bones and muscles around his hips to slowly wear down. On July 22, 2019, Mr. Jones fell and suffered an injury. As a result of his injury, activities such as standing, walking, and sitting are painful. He has repeatedly requested both a wheelchair and pain medication. His request for a wheelchair was denied, although he was provided with a walker. And, although he was provided with a prescription for pain medication, Mr. Jones

alleges that the defendants will not fill the prescription.[1] Mr. Jones has sued Wexford Medical Services, the Indiana Department of Correction, Dr. Liaw, and P. Sonnenberg. He seeks to enjoin the defendants from continuing to deny him care for his serious medical condition, and he asks for an evaluation by an independent doctor as soon as possible.

As an initial matter, the IDOC is a state agency and is immune from suit under the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the State's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a state official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions applies here, so Mr. Jones cannot state a claim against the IDOC.

Mr. Jones has also named Wexford as a defendant. Wexford is the private company that provided medical care at the prison. Mr. Jones attempts to hold the company liable because it employs the medical staff. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"). Because Mr. Jones's complaint against Wexford appears to be based only on Wexford's medical staff's poor decisions in connection with his care, he has not stated a claim against Wexford.

---

[1] According to documents submitted with the preliminary injunction motion, Naproxen was prescribed, but Mr. Jones was told that refills should be purchased from the commissary. The Constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). The ledger submitted to the court with Mr. Jones's *in forma pauperis* petition suggests that he has funds available to purchase Naproxen if it is needed. To extent that Mr. Jones is alleging that Naproxen has not been provided free of charge, he cannot state a claim.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Id.* A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Still, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett*, 658 F.3d at 752-53; *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

Mr. Jones has named Dr. Liaw and P. Sonnenberg as defendants. However, because he has exclusively requested injunctive relief, the warden of the facility where he currently resides is the

3

proper defendant. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("the warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out"). That said, the court will construe Mr. Jones's allegations as a claim against the Warden of the Westville Correctional Facility rather than Dr. Liaw and P. Sonnenberg, and the clerk will be directed to edit the docket accordingly.

Mr. Jones has alleged that, although he has received some medical care for injuries, the care he has received has been insufficient to control his pain, and his attempts to obtain additional care have been largely ignored. Accordingly, the court finds that Mr. Jones has stated a claim against the Warden of the Westville Correctional Facility in his official capacity for injunctive relief to receive constitutionally adequate medical treatment for pain related to his July 22, 2019 fall. The Warden is also the proper party to respond to the motion for preliminary injunction.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket a copy of the motion for preliminary injunction (ECF 2) as a complaint;

(2) DIRECTS the clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant;

(3) GRANTS Jason Jones leave to proceed against the Warden of the Westville Correctional Facility in his official capacity for injunctive relief to provide him with constitutionally adequate medical care for pain related to his July 22, 2019, fall, as required by the Eighth Amendment;

(4) DISMISSES the Indiana Department of Correction, Wexford Medical Services, Dr. Liaw, and P. Sonnenberg;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy

of this order, the motion for preliminary injunction (ECF 1), and the complaint as required by 28 U.S.C. § 1915(d);

(7) ORDERS the Warden of the Westville Correctional Facility to file and serve by **<u>October 4, 2019</u>** a response to the motion for preliminary injunction (ECF 1) with a sworn statement (and supporting medical documentation as necessary) explaining how Jason Jones is receiving constitutionally adequate medical care for his pain following his July 22, 2019 fall, as required by the Eighth Amendment; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Warden of the Westville Correctional Facility to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Jason Jones, has been granted leave to proceed in this screening order.

SO ORDERED.

September 19, 2019 *s/ Damon R. Leichty*
Judge, United States District Court