UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON JONES,

  Plaintiff,

v.             CAUSE NO. 3:19-CV-778-DRL-MGG

WEXFORD MEDICAL SERVICES *et al.*,

  Defendants.

## OPINION AND ORDER

  Jason Jones, a prisoner without a lawyer, filed a motion for preliminary injunction, which this court construed as a complaint. Mr. Jones was granted leave to proceed against the Warden of the Westville Correctional Facility in his official capacity for injunctive relief to provide Mr. Jones with constitutionally adequate medical care for pain related to his July 22, 2019 fall, as required by the Eighth Amendment. The Warden has now responded to the motion for preliminary injunction.

  A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Furthermore, under the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer*, 682 F.3d at 683 (quotation marks, brackets, and citations omitted).

Mr. Jones was injured when he fell on July 22, 2019. ECF 11-2 at 1-4. He was seen by a nurse the same day and provided with medication (a Toradol injection), crutches, and a two-day activity restriction. *Id.* at 2-3. He was seen by a nurse the next day too, and x-rays of his ankle and hip were ordered. *Id.* at 5-9. Those x-rays were taken just two days after the injury, and revealed no significant abnormalities, fractures, or dislocations. *Id.* at 10. On July 26, 2019 and July 27, 2019, Mr. Jones submitted healthcare requests indicating that he would prefer a wheelchair because he was having difficulty using the crutches. ECF 11-3 at 1-2. A nurse saw Mr. Jones on July 29, 2019, and ordered a walker, which was provided on August 1, 2019. ECF 11-2 at 13, 15. He was seen by medical staff four times in August and three times in September. *Id.* at 17-31. On August 5, 2019, Dr. Liau indicated that Mr. Jones was able to ambulate with the walker, although at a slower pace. Mr. Jones continued to request a wheelchair, but the medical staff determined that the walker was appropriate. *Id.* at 22, 25, 27, 31. One note indicates concern that the wheelchair would "decrease mobility which is not what is needed." *Id.* at 25. Another note indicates that Mr. Jones was advised to continue using the walker because a "wheelchair would promote decreased mobility, which is not desired." *Id.* at 27.

As for medication, Mr. Jones was provided with Acetaminophen and Naproxen from August 5, 2019 through September 3, 2019. *Id.* at 23. He asked for refills on several occasions, but refills were not provided. Instead, he was told that he could purchase medication over the counter. ECF 11-1 at 3; ECF 11-2 at 30; ECF 11-3 at 8. Mr. Jones has not indicated that he is unable to afford over-the-

counter medication, but if he is unable to afford it, there are procedures in place to allow him to obtain the medication free of charge. ECF 11-4; ECF 11-5.

Here, Mr. Jones would prefer a wheelchair to the walker that he has been provided; but, while Mr. Jones is entitled to constitutionally adequate medical care, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), he is "not entitled to demand specific care" and "not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Similarly, Mr. Jones would prefer that the defendants provide pain medication free of charge, but the Constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). The facts before the court at this early juncture do not suggest that Mr. Jones will suffer irreparable harm before the final resolution of his claims or that he is reasonably likely to succeed on the merits, so the court DENIES the motion for preliminary injunction (ECF 2).

SO ORDERED.

October 4, 2019

*s/ Damon R. Leichty*
Judge, United States District Court