UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON JONES,

    Plaintiff,

v.

WEXFORD MEDICAL SERVICES *et al.*,

    Defendants.

CAUSE NO. 3:19-CV-778-DRL-MGG

OPINION & ORDER

Jason Jones, a prisoner at the Westville Correctional Facility representing himself in this matter, alleges that he suffers from avascular necrosis—a condition that he says causes the bones and muscles around his hips to wear down slowly. He further alleges that, on July 22, 2019, he fell and suffered an injury. As a result of his injury, activities such as standing, walking, and sitting are painful. He has repeatedly requested both a wheelchair and pain medication. His request for a wheelchair was denied, though he was provided a walker. And, although he was provided with a prescription for pain medication, Mr. Jones alleges that the defendants would not fill the prescription. Instead, he was told that he could purchase Naproxen from the commissary.

The court screened Mr. Jones' allegations as required by 28 U.S.C. § 1915A and granted Mr. Jones leave to proceed only against the Warden of the Westville Correctional Facility in his official capacity for injunctive relief to provide him with constitutionally adequate medical care for pain related to his July 22, 2019 fall, as required by the Eighth Amendment. Following briefing, including a review of documents outside the pleadings, his request for injunctive relief was denied because he had not adequately demonstrated that he would suffer irreparable harm before the final resolution of his claims or that he was reasonably likely to succeed on the merits.

Now, Warden Galipeau has moved to dismiss the case for failure to state a claim. Given that the court screens prisoner cases in part under a Rule 12(b)(6) standard, Warden Galipeau's motion is akin to a motion to reconsider, which is generally disfavored absent a manifest error of law or fact. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). Treated either as a motion to reconsider or a Rule 12(b)(6) motion, the operative standard for this pleading stage remains dispositive nonetheless: the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Consistent with this standard, the court construed all reasonable inferences in Mr. Jones' favor at screening. While further factual development suggested that Mr. Jones could not meet the threshold to obtain the extraordinary remedy of a preliminary injunction, that was a preliminary ruling on the record as it existed then, not a final ruling. The court cannot say—based just on the pleadings—that Mr. Jones has not stated a claim for relief.

Warden Galipeau also argues that, to the extent that Mr. Jones is seeking alternative medical treatment, he cannot provide the relief requested. The Warden need not be involved in Mr. Jones's treatment. In his official capacity, he is the "proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). As the court has already held, and on this point of law the Warden has cited no contrary authority to reconsider it, the Warden has both the authority and responsibility to ensure that Mr. Jones receives constitutionally adequate medical treatment under the Eighth Amendment. *Id.* To be clear, if the record was not already, the court has not ordered any specific treatment and the court has not entered any injunctive relief. Any injunction that might be ordered would be limited to ordering Mr. Jones's receipt of constitutionally adequate medical care under the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). In fact, the Prison Litigation Reform Act requires that any

relief be narrowly drawn, extend no further than necessary, and be the least intrusive means to correct the violation. 18 U.S.C. § 3626(a)(1).

To the extent that the Warden has expressed concern about the court ordering him to provide a specific type of treatment to Mr. Jones, his concern is unwarranted. *See also Gonzalez*, 663 F.3d at 315. Nothing the court has said indicates that the court believes Mr. Jones is entitled to a specific medical treatment or that the current treatment is constitutionally deficient. Whether Mr. Jones has been unconstitutionally deprived of adequate medical treatment under the Eighth Amendment, and accordingly whether he is entitled to an injunction, albeit final and not preliminary, are issues still to be decided. All the court has said is that Mr. Jones has stated a claim upon which relief can be granted and that he has not demonstrated that he is entitled to a preliminary injunction.

For this reason, the court DENIES the motion to dismiss (ECF 20) and DIRECTS Warden Galipeau to file an answer pursuant to Federal Rule of Civil Procedure 12(a)(4).

SO ORDERED.

February 21, 2020

*s/ Damon R. Leichty*
Judge, United States District Court